No. 14366

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

ALBERT JERKE,

Plaintiff and Appellant,

-vs-

THE STATE DEPARTMENT OF LANDS,
et al.,

Defendants and Respondents.

Appeal from:   District Court of the First Judicial District,
               Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

   For Appellant:

      Scribner, Huss & Mulroney,  Helena, Montana
      Lawrence D. Huss argued, Helena, Montana

   For Respondent:

      John North argued, Helena, Montana
      Charles W. Jardine argued, Miles City, Montana

   For Amicus Curiae:

      Carl M. Davis, Dillon, Montana

Submitted:   February 6, 1979

Decided:   MAR - 2 1979

Filed:   MAR - 2 1979

Thomas J. Kearney
                              Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from an adverse judgment in an action to cancel a lease following a nonjury trial in the District Court of Lewis and Clark County.

The Prairie County State Grazing District was created pursuant to the Grass Conservation Act, section 46-2301 et seq. R.C.M. 1947, now section 76-16-101 et seq. MCA. In conserving Montana's rangeland resources, the Grazing District procures available land and allocates it to its members for use in their individual farming or ranching businesses. It does not use the land itself.

Under a 1965 lease, the Grazing District was the lessee of a tract of state land lying within Prairie County. This land was allocated to David Hess and two other individuals who used it for their personal ranching enterprises.

In early 1975 with the termination of the lease, the Department of State Lands, acting on behalf of the Montana Board of Land Commissioners, requested competitive bids for the lease of the tract. Appellant submitted the only bid. It was based on a 26% crop share with a guaranteed minimum of $2,000 per year. After appellant's bid was opened, an administrative hearing was held where the Grazing District challenged it as unreasonable. The Department determined the bid to be bona fide and the highest bid received.

The Grazing District, as the existing lessee, was holder of a preference right under section 81-405(1), R.C.M. 1947, now section 77-6-205(1) MCA which provides:

> "If other applications have been received, the holder of the lease has the preference right to lease the land covered by his former lease by meeting the highest bid made by any other applicant."

The right was exercised and the new lease was awarded to the Grazing

District. In the summer of 1975 the land was subleased to David Hess.

Appellant sought to have the lease and sublease set aside and to have the District Court order the Department of State Lands to award the lease to him. His basic argument, both at trial and on appeal, is that the preference right unconstitutionally prevents the State from obtaining full market value for the land. We limit our decision to the facts of this case and hold the preference statute to have been unconstitutionally applied.

The proposition that public land is held in trust for the people is well settled. State ex rel. Thompson v. Babcock (1966), 147 Mont. 46, 54, 409 P.2d 808; Toomey v. State Board of Land Commissioners (1938), 106 Mont. 547, 559, 81 P.2d 407. The State Board of Land Commissioners, acting through the Department of State Lands must adhere to a fiduciary standard somewhat higher than that of the ordinary businessman. State ex rel. Babcock v. Thompson, at 54. In addition, this "trust-like" standard is constitutionally defined.

> "No land or any estate or interest therein shall ever be disposed of except in pursuance of general laws providing for such disposition, or until the full market value of the estate or interest disposed of, to be ascertained in such manner as may be provided by law, has been paid or safely secured to the state." 1972 Mont. Const., Art. X, §11(2). See also 1889 Mont. Const., Art. XVII, §1. (Emphasis supplied.)

The legislature is thus given authority to determine the method by which full market value is ascertained. The statutes dealing with the leasing of state land will pass constitutional muster as long as the concept of full market value is not abrogated. Rider v. Cooney (1933), 94 Mont. 295, 310, 23 P.2d 261.

In exercising its constitutional authority, the legislature has provided that full market value shall encompass the concept of sustained yield. Section 81-401, R.C.M. 1947, now section 77-6-101 MCA. Sustained yield is the policy which favors

the long term productivity of the land over the short term return of income. State ex rel. Thompson v. Babcock, supra.

The preference right seeks to further this policy by inducing the State's lessees to follow good agricultural practices and make improvements on the land. This is accomplished by guaranteeing that the lessees will not lose the benefits of their endeavors by being outbid when their leases terminate. They are preferred and may renew their leases by meeting the highest bid submitted.

Where the preference right does not further the policy of sustained yield, it cannot be given effect. In such a situation, full market value can be obtained only by pure competitive bidding. Here, the Grazing District, the holder of the preference right, does not even use the land; it cannot use good agricultural practices or make improvements thereon. Likewise, the actual user of the land, who as a member of the Grazing District is prevented from bidding on the lease, is not motivated to further the policy of sustained yield. There is no guarantee the Grazing District will exercise its preference right and moreover, if it does, the actual user is not assured the land will be allocated to him.

To allow the preference right to be exercised in this case would be to install the Grazing District as the trustee of the land. It, rather than the Department of State Lands, would decide who will occupy the land but it would not be bound by a constitutional or fiduciary duty. Under such a scheme, the policy of sustained yield would have no place.

To allow an existing lessee who does not use the land to exercise a preference right constitutes an unconstitutional application of the preference right statute, section 81-405(1), R.C.M. 1947, now section 77-6-205(1) MCA. The only way full market value can be obtained in such a situation is by pure competitive bidding.

Accordingly, the judgment of the District Court is reversed.

_____
                               Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 5 -